IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EUGENE JONES                                                                                               PLAINTIFF
ADC #169865

v.                                          4:21-cv-00768-KGB-JJV

ARKANSAS DEPARTMENT OF CORRECTION; *et al.*                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      DISCUSSION**

Eugene Jones ("Plaintiff") is a prisoner in the Cummins Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, saying:

1

> Within these exhibits and the ones sent in case no. 4:21-cv-732-DPM-ERE Eugene Jones v. Dominicis, et al. you will find more grievance and evidence from 2020 or further where I have told sgts, lts, cpts, wardens, and the Director about how my 1st and 6th Amendments were violated and I also sent a letter that was undeniable [sic] addressed as legal mail to the court that was opened and they said "open error" on the front. Throughout the whole process since I started writing grievances and filing lawsuits I've been having major hardships with mail.

(Doc. 2 at 4.) Plaintiff has named the ADC, Director Dexter Payne, Mailroom Manager R. Hampton, and former Director Wendy Kelly as Defendants in their official capacities only. And monetary damages are the only relief he seeks. (*Id*.) After careful review and consideration, I recommend the Complaint be dismissed without prejudice for failing to state a plausible claim for relief.[1]

First, Plaintiff has not provided sufficient facts to explain how either his First or Sixth Amendment rights were violated. *See Iqbal*, 556 U.S. at 678 ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim). Contrary to his assertion, the Complaint filed in this case does not contain any exhibits. It is simply not possible to sift through Plaintiff's 20-page Complaint with 376 exhibits that was filed in another lawsuit to find factual support for the vague and conclusory allegations raised in this case. Instead, to plead a plausible claim, a prisoner must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id*. Specifically, to plead a plausible access to the courts claim, under the First Amendment, prisoners must provide facts explaining how they were injured by the

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

interference with their mail. *Holt v. Howard,* 806 F.3d 1129, 1133 (8th Cir. 2015); *Williams v. Hobbs*, 658 F.3d 842, 851–52 (8th Cir. 2011). And to plead a plausible legal correspondence claim, under the Sixth Amendment, a prisoner must say what specific mail was opened outside of his presence and how often it occurred. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012). Plaintiff has not provided any such facts. Thus, he has not pled a plausible First or Sixth Amendment claim.

Second, there is no vicarious liability in § 1983 actions. *Iqbal*, 556 U.S. at 676; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). This means that, to proceed with a § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676. Plaintiff's Complaint does not do so. And, it is well settled that prisons, such as the ADC, are not proper defendants in a § 1983 action. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dept. of Corrs.,* 353 F.3d 1038, 1041 (8th Cir. 2004).

Third, Plaintiff has named Defendants in their official capacities only. The doctrine of sovereign immunity, which is derived from the Eleventh Amendment, precludes the recovery of monetary damages from state officials acting in their official capacities, unless the state has waived its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989*)*; *Kruger v. Nebraska*, 820 F.3d 295, 301(8th Cir. 2016). All of the Defendants are state officials, and the State of Arkansas has not waived its Eleventh Amendment immunity. *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991). Thus, Defendants are entitled to sovereign immunity.

Importantly, on September 1, 2020, I brought these pleading deficiencies to Plaintiff's

attention, gave him thirty (30) days to file an Amended Complaint curing them, and advised him I would recommend dismissal if he failed to timely do so. (Doc. 3.) The time for Plaintiff to amend his Complaint has expired.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 5th day of October 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."